IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARENCE THOMAS, #07614-025,   )
                               )
         Plaintiff,            )
                               )
vs.                            )   CIVIL NO. 10-838-GPM
                               )
DAVID F. SZOKE, *et al.*,      )
                               )
         Defendants.           )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate in the United States Penitentiary in Marion, Illinois (USP Marion), brings this action for alleged violations of his constitutional rights by persons acting under color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He also asserts medical malpractice claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.* This case is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority to dismiss certain claims under § 1915A.  The complaint contains other claims, though, that cannot be dismissed at this time.

## FACTS ALLEGED IN COMPLAINT

On February 26, 2008, Plaintiff arrived at USP Marion wearing tinted eye lenses to protect his eyes from the light.  Plaintiff has a medical condition caused by an earlier injury – a gunshot wound to his face – that makes him sensitive to light.  He has worn tinted lenses since April 1998.  Plaintiff informed the USP Marion staff of his medical condition and his need for the tinted lenses.  Nonetheless, Plaintiff was not allowed to use his tinted lenses and was not seen for his condition until May 22, 2008.

Plaintiff was seen by Defendant Fix, an optometrist, on May 22, 2008.  Defendant Fix determined that Plaintiff had mild photosensitivity; however, he denied Plaintiff's request to use tinted lenses.  Plaintiff appealed this decision to the warden, Defendant Hollingsworth.   Plaintiff saw Defendant Fix again on November 6, 2008, when Defendant Fix determined that Plaintiff was severely photosensitive.  Defendant Fix recommended that Plaintiff be allowed to use tinted lenses; this recommendation was denied by the clinical director, Defendant Szoke.  Plaintiff claims that his vision deteriorated during the time he did not wear tinted lenses from February 26, 2008, until November 25, 2008, when he "had to purchase sunglasses [himself]" because "the medical department refused to supply [him] with tinted lenses or the protective shades" (Doc. 1, p. 8).

## DISCUSSION

Plaintiff alleges that Defendants Fix, Szoke, and Hollingsworth were deliberately indifferent to his medical needs. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle,* 429 U.S. at 106; *accord Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001).

> To prevail on an Eighth Amendment claim, a plaintiff must show that the responsible prison officials were deliberately indifferent to his serious medical needs. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Dunigan ex rel. Nyman v. Winnebago County*, 165 F.3d 587, 590 (7th Cir. 1999). Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). This test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm.... Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, ... and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit requires evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm to satisfy the standard for deliberate indifference in the

denial or delay of medical care.  *See Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000) (officers were on notice of seriousness of condition of prisoner with ruptured appendix because he "did his part to let the officers know he was suffering").  The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment violation.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003) (a disagreement with medical professionals' course of treatment does not state a cognizable Eighth Amendment claim under the deliberate indifference standard).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed that the harm would occur.  *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002).

Plaintiff alleges that he saw Defendant Fix twice:  the first time Defendant Fix determined that Plaintiff had mild photosensitivity and denied Plaintiff's request for tinted lenses; the second time Defendant Fix determined that Plaintiff had severe photosensitivity and recommended that Plaintiff be allowed to use tinted lenses.  Defendant Szoke rejected the recommendation and denied the request.  Plaintiff disagrees with Dr. Fix's first assessment and contends that his condition was serious all along.  But disagreement with a medical professional about medical needs is insufficient to state an Eighth Amendment claim under the deliberate indifference standard.  *See Ciarpaglini*, 352 F.3d at 331.  Plaintiff's *Bivens* claim against Defendant Fix for deliberate indifference to a serious medical need in violation of the Eighth Amendment is dismissed with prejudice.

It is unclear why Defendant Szoke rejected Defendant Fix's recommendation that Plaintiff be allowed to use tinted lenses.  According to Plaintiff, Defendant Szoke "blocked the recommendation."  At this early stage, Plaintiff's allegations are sufficient to state a *Bivens* claim

against Defendant Szoke.

Plaintiff wrote grievances to Defendant Hollingsworth after his first visit to Defendant Fix and claims that Defendant Hollingsworth was deliberately indifferent to his medical needs by failing to intervene to ensure that he received tinted lenses. It is well-established that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *see also Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of respondeat superior does not apply to § 1983 actions). As stated by Chief Judge Easterbrook:

> Public officials do not have a free-floating obligation to put things to rights, disregarding rules (such as time limits) along the way. Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under § 1983 for not being ombudsmen. [The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor … and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks*, 555 F.3d at 595.

Plaintiff does not allege that Defendant Hollingsworth is personally responsible for the withholding of his tinted lenses. Rather, he alleges that he made Defendant Hollingsworth aware of the actions (or inactions) of Defendant Fix and that she failed to intervene. Under the rationale outlined above, Plaintiff's claim against Defendant Hollignsworth is dismissed with prejudice for lack of personal involvement.

Construing the complaint liberally, as this Court must, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff also alleges that Defendants Fix and Szoke were negligent in providing him

care.  This claim is cognizable under the FTCA, and the United States may be substituted as the proper defendant if the Attorney General certifies that Defendants were acting within the scope of their employment at the time the challenged events occurred.  28 U.S.C. § 2679(d)(1).  Notably, a judgment against the United States in a FTCA action precludes recovery of a judgment against individual defendants in a *Bivens* action for the same acts or omissions; therefore, Plaintiff cannot receive a double recovery.  *See* 28 U.S.C. § 2679(b)(1); *Arevalo v. Woods*, 811 F.2d 487, 490 (9th Cir. 1987).  Nevertheless, Plaintiff may maintain both a FTCA claim and a *Bivens* claim in the same action.  *Ting v. United States*, 927 F.2d 1504, 1213 n.10 (9th Cir. 1991).  At this point in the litigation, the Court is unable to dismiss Plaintiff's negligence claims.  *See generally* 28 U.S.C. § 1915(e)(2).

There is an issue with certain parties named in the caption of Plaintiff's complaint.  Plaintiff lists Chastain, Nalley, Watts, and Schott as defendants, but these parties do not appear anywhere else in the complaint.  Pro se plaintiffs, whose complaints are liberally construed, *see Haines*, 404 U.S. at 520-21, are required to associate specific defendants with specific claims to put these defendants on notice of the claims brought against them so they can properly answer the complaint.  *See Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Federal Rule of Civil Procedure 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").  Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not named Chastain, Nalley, Watts, and Schott elsewhere in the complaint, they are dismissed without prejudice for Plaintiff's failure to state a claim against them.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Defendant **HOLLINGSWORTH** is **DISMISSED** with prejudice from this action. **IT IS FURTHER ORDERED** that Defendants **CHASTAIN, NALLEY, WATTS**, and **SCHOTT** are **DISMISSED** without prejudice. The following claims shall proceed: (1) Plaintiff's *Bivens* claim against Defendant Szoke for deliberate indifference to a serious medical need in violation of the Eighth Amendment and (2) Plaintiff's FTCA claims against Defendants Fix and Szoke for negligence in providing care.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **FIX** and **SZOKE**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendants **FIX** and **SZOKE** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure.[1] All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of

---

[1] Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon the attorney(s), a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each Defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings. Further, this entire matter is hereby **REFERRED** to **Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under an obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the

transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: 04/19/11

                                                s/ *G. Patrick Murphy*
                                                G. PATRICK MURPHY
                                                United States District Judge