### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE THOMAS ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 10-838-GPM-DGW** |
| ) | |
| DAVID F. SZOKE, et al., ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This case is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."); *Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction").

Plaintiff Clarence Thomas asserts a *Bivens* claim against Defendant Szoke for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  Plaintiff also asserts medical  negligence claims against Defendants Fix and Szoke pursuant to the Federal Tort Claims Act ("FTCA").  However, before Plaintiff's FTCA claims can proceed further, this Court must be satisfied of its federal subject matter jurisdiction. *See Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) ("Jurisdiction is the power to declare law, and without it the federal courts cannot proceed.  Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must.") (quotation omitted).

Under the FTCA, the district courts "have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury . . . caused by the negligent or wrongful act or omission of *any employee of the Government while acting within the scope of his office or employment . . . .*" 28 U.S.C. § 1346(b)(1) (emphasis added). Plaintiff has failed to make these relevant allegations about Defendants Fix or Szoke.  If Plaintiff can make these allegation, then the United States *may* be substituted as the proper defendant if the Attorney General certifies that Defendants were acting within the scope of their employment at the time the challenged events occurred.  28 U.S.C. § 2679(d)(1).[1]  Accordingly, Plaintiff is **ORDERED** to file an amended complaint **on or before April 11, 2012**, to properly allege the employment status of Defendants Fix and Szoke and the scope in which they were acting at the challenged time so as to satisfy this Court of its federal subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: April 3, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1]The Court does note that on October 11, 2011, the Court granted the motion to substitute United States of America as a Defendant in lieu of Dr. David F. Szoke for Plaintiff's tort claim (Doc. 39).