IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CLARENCE THOMAS,                          )
                                          )
      Plaintiff,                      )
                                          )
      v.                              )          Case No. 3:10-cv-838-GPM-DGW
                                          )
DAVID F. SZOKE, et al.,                   )
                                          )
      Defendants.                     )
                                          )
                                          )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

      This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for disposition of pretrial matters.   For the reasons set forth below, it is **RECOMMENDED** that Plaintiff's claims brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., be **DISMISSED** for failure to comply with 735 ILCS 5/2-622, and for failure to comply with the Court's order, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

      On October 22, 2010, Plaintiff Clarence Thomas, acting *pro se*, filed this lawsuit claiming violations of his constitutional rights by persons acting under color of federal authority, *see Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and for medical malpractice under the FTCA. Upon threshold review of the complaint, the Court allowed Plaintiff to proceed on his claims against Defendant David F. Szoke and Dr. W. Fix (Doc. 7).

Plaintiff did not file with his initial or amended complaint a certificate of merit and/or affidavit required under Illinois law (Docs. 1, 76).   On May 17, 2012, the Court issued an Order to Show Cause ordering Plaintiff to file the certificate of merit (or affidavit stating that he cannot obtain the certificate) prior to the expiration of the statute of limitations period in accordance with 735 ILCS 5/2-622, by June 18, 2012.   Plaintiff was warned that failure to comply with the Court's order would result in a report and recommendation that the FTCA claims be dismissed.   Over thirty days have passed since the expiration of the June 18, 2012, deadline.   Plaintiff has failed to file a certificate or affidavit.

## CONCLUSIONS OF LAW

Under Illinois law, which applies to the FTCA claims, a plaintiff bringing a cause of action for medical malpractice must attach to the complaint both an affidavit that the plaintiff has consulted with a qualified health professional and a written report from the health professional stating that he has reviewed the facts of the case and determined "that there is a reasonable and meritorious cause for filing such action." 735 ILCS 5/2-622(a)(1).   If the plaintiff is unable to obtain this report, he must attach an affidavit to the complaint stating that he cannot obtain the certification prior to the expiration of the statute of limitations period. 735 ILCS 5/2-622(a)(2). Failure to file the required affidavit is grounds for dismissal. *Id.*

A district court may dismiss *sua sponte* a claim or action for failure to prosecute under Federal Rule of Civil Procedure 41(b) as part of its "inherent power" to control its docket "to achieve the orderly and expeditious disposition of cases." *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989).   "Once a party invokes the judicial

system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *James*, 417 F.3d at 681 (quoting *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir. 1993) (other citations omitted)).   Dismissal of a claim under Rule 41(b) operates as an adjudication on the merits of the claim.

From the facts outlined above, the undersigned concludes that Plaintiff Clarence Thomas does not intend to file the required certificate or affidavit, and that he has abandoned the FTCA claims.   Plaintiff did not file a response to the order to show cause, nor did he file the certificate or affidavit as ordered on May 17, 2012.   The Court specifically warned Plaintiff that failure to file the required documents would result in dismissal of the FTCA claims.   Plaintiff has been represented by Court-appointed counsel since December 13, 2011.   Plaintiff's failure to respond or to file the certificate or affidavit can only be construed as as intention to abandon those claims.

## CONCLUSION

Accordingly, for the reasons set forth above, it is **RECOMMENDED** that the FTCA claims raised in the complaint be **DISMISSED** pursuant to 735 ILCS 5/2-622(a)(1), and for failure to comply with the Court's order, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objections thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380

F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 19, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

4