**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **CLARENCE THOMAS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **CIVIL NO. 10-838-GPM** |
| | ) |
| **DAVID F. SZOKE,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |
| | ) |
| | ) |
| | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 95), recommending that Plaintiff's claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*., be dismissed for failure to comply with 735 ILCS 5/2-622, and for failure to comply with a Court Order.   Magistrate Judge Wilkerson entered the Report and Recommendation on July 20, 2012 (Doc. 95).   Plaintiff, Clarence Thomas, timely filed an objection to the Report and Recommendation (Doc. 97). Defendant, United States of America, filed a timely response to Plaintiff's objection (Doc. 100).

On October 22, 2010, acting *pro se*, Plaintiff filed this lawsuit claiming constitutional deprivations by persons acting under color of federal authority pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).   Plaintiff's lawsuit also contains a claim for medical malpractice under the FTCA, which is the claim at issue here.

Under Illinois law, which applies to Plaintiff's FTCA claims, a plaintiff bringing a claim for medical malpractice must attach an affidavit with the complaint confirming Plaintiff has consulted with a qualified health professional. 735 ILCS 5/2-622(a)(1).   The affidavit must also contain a written report from the health professional stating that she has reviewed the facts of the case and determined "that there is a reasonable and meritorious cause for filing such action." 735 ILCS 5/2-622(a)(1).   On May 17, 2012, Magistrate Judge Wilkerson issued an Order to Show Cause directing Plaintiff to file the certificate of merit (or an affidavit stating Plaintiff cannot obtain the certificate) prior to the expiration of the statute of limitations period, which was June 18, 2012 (*See* Doc. 85).   The Order to Show Cause (Doc. 85) warned Plaintiff a failure to comply with the Order would result in a report and recommendation the FTCA claim be dismissed (*See* Doc. 85).   Plaintiff failed to file a certificate of merit or affidavit as required by the Order to Show Cause (Doc. 85).

The Report and Recommendation accurately states the procedural history and facts.   This Order addresses only the conclusions of law to which Plaintiff has lodged specific objections. Here, though, since timely objections have been filed, the Court must undertake a de novo review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)B), (C), FED. R. CIV. P.72(b); SDIL-LR 73(1)(b); *Harper v. City of Chicago Heights* 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).   The Court "may accept, reject, or modify the magistrate judge's recommended decision."   *Harper*, 824 F. Supp. at 788.   In making this determination, the Court must look at all the evidence contained in the record and "give 'fresh consideration to those issues to which *specific* objections have been made.'"   *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8 at p.55 (1st ed. 1973) (1992

Pocket Part) (emphasis added).   However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), the Court need not conduct a *de novo* review of the Report and Recommendation.   *See Thomas v. Arn*, 474 U.S. 140 (1985).

Here, Plaintiff cites his incarceration as the reason for failing to obtain a certificate of merit prior to the expiration of the statute of limitations.   Accordingly, Plaintiff's objection to Magistrate Judge Wilkerson's Report and Recommendation focuses not on conclusions of law, but on the recommended disposition of the FTCA claim.   Plaintiff asks for an additional ninety days so Plaintiff can come into compliance with 735 ILCS 5/2-622(a)(1).

This case was filed though in October of 2010.   Plaintiff has had more than ample opportunity to obtain the information required under Illinois law.   The sole purpose of the Order to Show Cause (Doc. 85) was to give Plaintiff one last opportunity to come into compliance with 735 ILCS 5/2-622(a)(1).   Under Federal Rule of Civil Procedure 41(b) "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b).   This Federal Rule of Procedure also allows the court to dismiss a claim or action for failure to prosecute as part of the Court's "inherent power" to control its docket and "achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005)(quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).   "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 97).   Plaintiff's medical malpractice claim under the FTCA against the United States is

**DISMISSED with prejudice**.   Accordingly, Defendant's motion to dismiss Plaintiff's FTCA

claim (Doc. 80) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

**DATED**:   November 20, 2012


/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge