IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CLARENCE THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-838-GPM |
| | ) |
| DAVID SZOKE, et al., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on a motion to dismiss filed by Defendant Dr. David F. Szoke (Doc. 111). Plaintiff Clarence Thomas has never filed a response to Dr. Szoke's motion to dismiss. For the foregoing reasons, Dr. Szoke's motion to dismiss (Doc. 111) is **GRANTED**.

*Procedural History*

Mr. Thomas initially filed this lawsuit against multiple Defendants and alleging various claims (*See* Doc. 1). Pursuant to 28 U.S.C. § 1915A, the Court conducted a threshold review of Mr. Thomas' complaint and determined Mr. Thomas stated claims against two Defendants (Doc. 7). The claims that survived threshold review were: (1) a claim for deliberate indifference to a serious medical need pursuant *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) against Dr. Szoke ("*Bivens* claim"); and (2) a medical negligence claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq*. against Dr. Szoke and Dr. Fix (*See* Doc. 7).

On October 7, 2011, the United States of America filed a motion to substitute as a Defendant in lieu of Dr. Szoke on Mr. Thomas' FTCA claim (Doc. 37). The Court promptly

granted the Government's motion to substitute (Doc. 39).

Mr. Thomas filed a motion requesting a status conference with the Court to discuss a settlement agreement (Doc. 88). Mr. Thomas still owed restitution on his underlying criminal conviction, which is the reason he is incarcerated in the first place. Dr. Fix and Mr. Thomas finalized the settlement agreement at the status conference, and the Court approved the agreement (*See* Doc. 98). Mr. Thomas' claims against Dr. Fix were now extinguished.

While Mr. Thomas and Dr. Fix had been progressing toward settlement, the Court had issued an Order to Show Cause, instructing Mr. Thomas to file a certificate of merit pursuant to 735 ILCS 5/2-622 to support his FTCA claim (Doc. 85). If Mr. Thomas was unable to obtain the certificate of merit, the Court instructed him to submit an affidavit explaining why he could not obtain the certificate of merit prior to the expiration of the statute of limitations period (Doc. 85).

Yet, once Mr. Thomas and Dr. Fix finalized their settlement, the FTCA claim against the Government was the only claim implicated by Court's Order to Show Cause. Mr. Thomas, through his attorney, submitted an affidavit in response to the Show Cause Order (Doc. 90). However, the response was insufficient and Magistrate Judge Wilkerson stayed true to his warning in the Order to Show Cause (*See* Doc. 85) and issued a Report and Recommendation that Mr. Thomas' FTCA claim against the Government be dismissed pursuant to 735 ILCS 5/2-622(a)(1) and for failure to comply with the Court's order (*See* Doc. 95). Mr. Thomas filed an objection to Magistrate Judge Wilkerson's Report and Recommendation (Doc. 97) and the Government subsequently filed a response (Doc. 100). The Court adopted Magistrate Judge Wilkerson's Report and Recommendation and dismissed Mr. Thomas' FTCA claim against the Government with prejudice (Doc. 110).

Accordingly, Dr. Szoke now contends that under 28 U.S.C. § 2676 and Seventh Circuit precedent, Mr. Thomas' *Bivens* claim must be dismissed because a dismissal and judgment for the Government on an FTCA claim operates as a bar to a *Bivens* claim arising from the same facts (*See* Doc. 111). Mr. Thomas did not file a response to Dr. Szoke's motion.

### *Analysis*

Under 28 U.S.C. § 2676, the judgment in an action when the United States is a Defendant "shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. In *Manning v. U.S.*, 546 F.3d 540 (7th Cir. 2008), the Seventh Circuit Court of Appeals provided clear guidance for the district courts on how to interpret 28 U.S.C. § 2676 as it relates to the issue presented here today.

In *Manning*, the district court tried a plaintiff's *Bivens* claim and FTCA claim contemporaneously, but in a bifurcated trial. *Manning,* 546 F.3d at 431. Plaintiff obtained a successful jury verdict on the *Bivens* claim, but was not so successful with the court on the FTCA claim. *Id*. at 432. These two inharmonious verdicts thus required the district court to consider 28 U.S.C. § 2676. The district court vacated plaintiff's successful jury verdict and plaintiff appealed. *Id*.

The Seventh Circuit affirmed the district court, stating that "courts have consistently found that an FTCA judgment bars a *Bivens* claim raised in the same suit." *Id*. at 434. The Court noted that the plain language of the statute was clear in that the term "action" "incorporates all elements of a civil suit, including the claims within that suit." *Id*. at 433. Moreover, this bar applies to both successful and unsuccessful FTCA judgments. *See Hoosier Bancorp. v. Rasmussen*, 90 F.3d 180,

185 (7th Cir. 1996)("There is no indication that Congress intended Section 2676 to apply only to favorable FTCA judgments.").

Here, Mr. Thomas' FTCA claim and *Bivens* claim are clearly part of the same action because both claims have been litigated together here in this lawsuit. The FTCA claim and the *Bivens* claim also stem from the same occurrence or series of occurrences - Dr. Szoke's care and treatment of Mr. Thomas' medical condition that makes him sensitive to light (*See* Doc. 7).

The Court dismissed Mr. Thomas' FTCA claim with prejudice on November 20, 2012 (Doc. 110). Judgment has been entered for the Government and against Mr. Thomas on that claim (Doc. 114). There is simply no escape; Mr. Thomas' *Bivens* claim falls squarely within the reach of 28 U.S.C. § 2676. Accordingly, the motion to dismiss by Dr. Szoke (Doc. 111) is **GRANTED**. Plaintiff Clarence Thomas' *Bivens* claim against Dr. Szoke is **DISMISSED with prejudice**.

Since the *Bivens* claim was the only remaining claim here, this case is **DISMISSED**. The pending motion for summary judgment filed by Dr. Szoke (Doc. 84) is **DENIED as MOOT**. Judgment shall be entered accordingly in a separate document. The Clerk of the Court is **DIRECTED** to **CLOSE** this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED**: February 13, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge